# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

REAL CAPITAL SOLUTIONS, INC.,

    Plaintiff,

v.

REAL CAPITAL SOLUTIONS, LLC,

    Defendant.

---

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

---

Plaintiff Real Capital Solutions, Inc. ("Plaintiff" or "RCS"), for its Complaint against Defendant Real Capital Solutions, LLC ("Defendant" or "LLC"), alleges as follows:

### Nature of the Action

In this action, RCS seeks injunctive and monetary relief for acts of trademark infringement, unfair competition, and cybersquatting under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq*.

1. RCS is a Colorado corporation, with a business address of 371 Centennial Parkway #200, Louisville, Colorado 80027. The successor-in-interest to Superior Investments XII (the formal name change to Real Capital Solutions was finalized in 2010), RCS is an established, proven real estate investment firm with over 40 years of experience across nearly all real estate asset classes across dozens of states. Over the course of its existence, RCS has purchased and managed more than 395 real estate assets totaling more than $5.1 billion in acquisition value.

2. On information and belief, Defendant Real Capital Solutions LLC is an Illinois LLC doing business at 318 West Adams Street, Chicago, Illinois 60606. On information and belief, Defendant is owned and operated by Richard Louis Benjamin, an individual residing in Illinois.  Defendant may be served on its registered agent, United States Corporation Agents, Inc., 980 N Michigan Ave., Ste 1085, Chicago, Il  60611-4525.

### Jurisdiction and Venue

3. This action arises under the Lanham Act, 15 U.S.C. § 1501 *et seq*., and Colorado statutory and common law.

4. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. §§ 1121, 1331, and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant, and venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant has directed its infringing activities as described herein to residents of Colorado, including targeting of Colorado residents with infringing solicitations under the infringing mark, thereby causing confusion and injury to Plaintiff in this district.

### Background

**RCS and Its REAL CAPITAL SOLUTIONS Trademark**

6. RCS operates as a family of real estate initiatives, engaging in commercial real estate activities across the United States, including investment, lending, and related services to investors, lenders, real estate professionals, and other market participants.

7. Since 2010 RCS has continuously, exclusively, and prominently used the "Real Capital Solutions" name and trademark in nationwide commerce. Projects conducted by RCS

2

under the REAL CAPITAL SOLUTIONS trademark are located in states as varied as Colorado, Texas, North Carolina, Minnesota, Illinois, Ohio, New Jersey, and Florida—to name a few.

8. As a result of longstanding and uninterrupted use since 2010, RCS has established superior common law trademark rights in the REAL CAPITAL SOLUTIONS mark throughout the United States.

9. By virtue of RCS' long-standing, substantially exclusive use for over 15 years, the REAL CAPITAL SOLUTIONS mark has acquired distinctiveness, substantial goodwill, secondary meaning, and widespread recognition among investors, lenders, real estate professionals, and other market participants in the commercial real estate industry.

**Defendant's Activities**

10. On or about December 11, 2025, RCS discovered that Defendant Real Capital Solutions, LLC, had begun using the identical mark REAL CAPITAL SOLUTIONS in connection with commercial real estate activities in the United States.

11. In particular, RCS learned about Defendant, at least in part, when an RCS client alerted RCS that it had been contacted by a business using the name "Real Capital Solutions." Specifically, on or about December 11, 2025, a representative of Defendant solicited one of RCS' investors using an email address of "@rcapitalsolutions.com" (the "Infringing Domain") and purporting to be a part of Real Capital Solutions, LLC, as depicted below:



*See* **Exhibit A.**

12. To be clear, RSC has no affiliation or relationship with the entity, Real Capital Solutions LLC, or the "Junior Broker" identified in this solicitation.

13. As a result of Defendant's unauthorized use of RCS's REAL CAPITAL SOLUTIONS mark to solicit RCS's customers, clients, or investors, it is likely to and has created confusion as to the source, sponsorship, or affiliation of Defendant's services, and threatens to tarnish RCS's reputation and goodwill.

14. RCS through its General Counsel sent a comprehensive cease and desist letter to Defendant requesting that Defendant: (1) immediately cease and desist from any use of the

4

REAL CAPITAL SOLUTIONS mark; (2) remove all infringing uses from advertising, websites, and other materials; and (3) provide written confirmation of compliance within ten days.

15. Defendant failed to respond to the cease-and-desist letter or comply with any of the demands contained therein.

16. Despite the cease-and-desist letter, Defendant has continued its infringing activities and solicitation of RCS consumers. Upon information and belief, Defendant has contacted RCS's investors and/or potential investors using the REAL CAPITAL SOLUTIONS name to discuss timeshare selling opportunities. *See, e.g.,* January 16th, January 23rd, and 27th customer service inquiries RCS's investors and potential investors (some of whom state they are located in Colorado).

> **From:** ████████ N (External) <noreply@skype.voicemail.microsoft.com>
> **Sent:** Friday, January 16, 2026 4:21 PM
> **To:** General Voicemail <RCS-GenMbx@realcapsolutions.onmicrosoft.com>
> **Subject:** Shared Voicemail (RCS Primary AA -> inbox)
>
> yes my name is john ████████ my number is 720-████████ uh i've received a number of calls from a diego umm and he is located in illinois my question is does real capital solutions have other locations i see there's one here in lewisville and i live in littleton if you could give me a call back i just want to make sure this is legit they're looking to buy my blue green timeshare which sounds a little suspicious so again if you could give me a call back i'd appreciate it 720████████ thanks again bye
>
> You received a voice mail from ████████ JOHN.

> **From:** ████████ DEBORAH (External) <noreply@skype.voicemail.microsoft.com>
> **Sent:** Friday, January 23, 2026 10:14 AM
> **To:** General Voicemail <RCS-GenMbx@realcapsolutions.onmicrosoft.com>
> **Subject:** Shared Voicemail (RCS Primary AA -> inbox)
>
> hi my name is deborah ████████ and i am calling about someone under your corporate name real capital solutions LLC has contacted us about selling our timeshare in mexico and we are just trying to figure out if it's a legitimate thing could you give me a call at 203████████ thank you
>
> You received a voice mail from ████████ DEBORAH.

> From: ANNETTE (External) <noreply@skype.voicemail.microsoft.com>
> Sent: Tuesday, January 27, 2026 10:03 AM
> To: General Voicemail <RCS-GenMbx@realcapsolutions.onmicrosoft.com>
> Subject: Shared Voicemail (RCS Primary AA -> inbox)
>
> my name is annette ▇▇▇ and i guess i want to confirm that you have an office or affiliation in chicago IL if you could give me a call back to confirm my phone number is area 417▇▇▇▇▇▇ thank you
>
> You received a voice mail from ROWE ANNETTE.

*See* **Exhibit B.**

17. At no time has RCS ever attempted to purchase any timeshares, nor solicited any investors or potential investors regarding any opportunities related to timeshares.

18. This continued infringement and consumer confusion has forced RCS to escalate the matter to litigation to protect its trademark rights and prevent further harm to its business and reputation.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition in Violation of 15 U.S.C. § 1125)

19. RCS incorporates the preceding paragraphs as though set forth fully herein.

20. RCS has used its REAL CAPITAL SOLUTIONS mark in commerce continuously since 2010 and across the nation, at least by virtue of its website located at <realcapitalsolutions.com>, in addition to other marketing, promotional, and business efforts.

21. The mark REAL CAPITAL SOLUTIONS is inherently distinctive and/or, based on its continuous, nationwide use of the REAL CAPITAL SOLUTIONS mark, has acquired distinctiveness and secondary meaning in the minds of consumers who have come to associate the REAL CAPITAL SOLUTIONS mark with Plaintiff RCS, as a source identifier of the real estate investment services offered by RCS.

22. Through its promotional efforts, business conduct, and continued use of the REAL CAPITAL SOLUTIONS trademark, RCS has developed substantial goodwill and brand

equity in the REAL CAPITAL SOLUTIONS trademark, which represents RCSs' quality service and sound investments with the consuming public.

23. As a result, RCS has established valid and enforceable rights in the REAL CAPITAL SOLUTIONS trademark in connection with real estate investment services.

24. LLC's unauthorized use of identical mark to conduct similar and/or identical business constitutes trademark infringement, unfair competition and use of a false designation of origin and false descriptions and representations in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. LLC's conduct has caused and continues to cause irreparable harm and injury to RCS, and to its goodwill and reputation stemming from its REAL CAPITAL SOLUTIONS trademark. LLC's conduct will continue to damage RCS and confuse the public unless enjoined by this Court. RCS has no adequate remedy at law for this harm.

26. LLC's conduct is willful. It is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of LLC with RCS.

27. Under §§ 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, RCS is entitled to, among other relief as this Court deems just and proper: injunctive relief; an award of actual damages; disgorgement of Defendant's profits; enhanced damages and profits; prejudgment and post-judgment interest; and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM FOR RELIEF
### (Federal Cybersquatting in Violation of 15 U.S.C. § 1125(d))

28. RCS incorporates the preceding paragraphs as though set forth fully herein.

29. This is a claim for cybersquatting, arising from Defendant's registration, trafficking, and/or use of the Infringing Domain.

7

30. Defendant is not authorized to use the REAL CAPITAL SOLUTIONS trademark with any Internet domain name, or as a portion of any Internet domain name.

31. The Infringing Domain incorporates nearly the entire REAL CAPITAL SOLUTIONS word mark, and as a whole is confusingly similar to the REAL CAPITAL SOLUTIONS trademark.

32. The REAL CAPITAL SOLUTIONS trademark was source-identifying and distinctive—having acquired secondary meaning—long before Defendant registered and began using the Infringing Domain Name on or about March 1, 2025. *See* WHOIS Records at **Exhibit C.**

33. Upon information and belief, Defendant's registration of and/or use of the Infringing Domain was and is done willfully and maliciously, in a bad faith attempt to profit from the goodwill RCS has established in the REAL CAPITAL SOLUTIONS trademark.

34. Defendant's registration, trafficking, and/or use of the Infringing Domain constitutes cybersquatting, in violation of 15 U.S.C. § 1125(d).

35. By its conduct, Defendant has caused RCS irreparable harm, damage, and injury, and will continue to do so unless restrained and enjoined by this Court from further infringing the REAL CAPITAL SOLUTIONS trademark.

36. RCS has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**(Colorado Consumer Protection Act in Violation of Colo. Rev. Stat. § 6-1-105)**

37. RCS incorporates the preceding paragraphs as though fully set forth herein.

38. Defendant, by way of its use of the REAL CAPITAL SOLUTIONS trademark and the acts alleged above, is willfully passing off its services as those of RCS, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of

Defendant's services by RCS, causing a likelihood of confusion as to Defendant's affiliation with, connection with, or association with RCS.

39. Defendant's acts as alleged herein constitute deceptive trade practices in violation of Colo. Rev. Stat. § 6-1-105(a-c).

40. Defendant's deceptive trade practices have had and will continue to have a significant negative impact on the public as actual and potential consumers of RCS' services.

41. Defendant's deceptive trade practices have caused and continue to cause irreparable injury to the value of RCS's REAL CAPITAL SOLUTIONS trademark as well as irreparable injury to RCS' business, goodwill, and reputation.

42. By reason of Defendant's wrongful and bad faith acts as alleged in this Complaint, RCS has suffered and will continue to suffer monetary damages, in an amount to be proven at trial.

43. RCS and the public have been, and continue to be, irreparably damaged by Defendant's violations of law, and RCS has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain. Unless enjoined, Defendant's unlawful conduct will continue, further injuring RCS and confusing the public.

### FOURTH CLAIM FOR RELIEF
### (Unfair Competition in Violation of Colorado Common Law)

44. RCS incorporates the preceding paragraphs as though set forth fully herein.

45. Defendant's acts of trademark infringement and false designation of origin constitute unfair competition with RCS under the law of the State of Colorado.

46. Defendant's conduct is unfair because it allows Defendant to benefit unjustly by virtue of the goodwill and reputation associated with RCS, its distinctive REAL CAPITAL SOLUTIONS trademark, and its goods and services. Defendant has intentionally violated, and

continues to violate, RCS's rights in the REAL CAPITAL SOLUTIONS trademark and related commercial benefits.

47.     Defendant's conduct is likely to confuse the public as to whether Defendant's goods and services are somehow related to, or approved or sponsored by, RCS or vice versa; or as to whether Defendant is the senior use of the REAL CAPITAL SOLUTIONS trademark and that RCS is improperly using, copying, or infringing Defendant's mark.

48.     As a direct, proximate, and foreseeable result of Defendant's wrongful conduct, Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from its unfair competition in an amount that is not presently known to RCS.

49.     By reason of Defendant's wrongful acts as alleged in this Complaint, RCS has suffered and will continue to suffer monetary damages.

50.     RCS and the public have been, and continue to be, irreparably damaged by Defendant's violations of law, and RCS has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain. Unless enjoined, Defendant's unlawful conduct will continue, further injuring RCS and confusing the public.

## JURY DEMAND

RCS demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, RCS requests that the Court enter Judgment in its favor as follows:

1.     Granting temporary, preliminary, and permanent injunctive relief enjoining Defendant and each of its affiliates, subsidiaries, officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

    A. using the mark REAL CAPITAL SOLUTIONS trademark, or any other mark confusingly similar thereto, in connection with the promotion of its real estate and real estate investment services,

    B. otherwise competing unfairly or committing any acts likely to confuse the public into believing that Defendant or any of Defendant's products or services are associated with, affiliated with, or sponsored by RCS and/or its affiliates, in whole or in part, in any way,

    C. registering or attempting to register or using in any way any Internet domain name incorporating the REAL CAPITAL SOLUTIONS trademark, or any mark confusingly similar to any of the REAL CAPITAL SOLUTIONS trademark, and

    D. Ordering Defendant to transfer to RCS, or its designee at its election, the Infringing Domain Name, and all other domain names that Defendant owns that are identical to, contain, or are confusingly similar to the REAL CAPITAL SOLUTIONS trademark, pursuant to 15 U.S.C. § 1125(d)(1)(C);

  2. Ordering that Defendant account for and pay to RCS any and all profits Defendant has received by its conduct alleged herein;

  3. Awarding to RCS any and all damages and losses suffered by RCS as a result of Defendant's conduct as set forth herein, awarding punitive damages, and trebling damages as provided by law;

  4. Awarding to RCS the costs of this action and its reasonable attorneys' fees and expenses;

  5. Awarding to RCS pre-judgment and post-judgment interest on all damages recovered by or awarded to it; and

6. Granting such other and further relief as the Court deems equitable, just, and appropriate.

Dated: February 5, 2026

*/s/ Timothy P. Getzoff*
Timothy P. Getzoff
Emily J. Cooper
**Holland & Hart LLP**
1800 Broadway, Suite 300
Boulder, CO 80302
(303) 473-2700
tgetzoff@hollandhart.com
ejcooper@hollandhart.com

*Attorneys for Plaintiff.*

36909954_v3